**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

HILDA MUNOZ, *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG, INC.), AM LE CHANG, and MICHELLE DOE,

*Defendants.*

**2:20-cv-04015-RRM-ST**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff HILDA MUNOZ ("Plaintiff") on the one hand, and Defendants KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG, INC.), AM LE CHANG, and MICHELLE DOE ("Defendants"), on the other hand. (Plaintiff and Defendants are collectively denoted the "Parties.").

**WHEREAS**, Plaintiff alleges that she was previously employed by Defendants;

**WHEREAS**, a dispute ensued between Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, captioned *Munoz v. Kam Fung Wong, Inc., et al*; No: 2:20-cv-04015-RRM-ST (hereinafter "the Litigation"), alleging violations of federal and state wage and hour and overtime laws;

**WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws, including but limited to all laws asserted by Plaintiff in the Litigation;

**WHEREAS**, the Parties now desire to enter into this Agreement to resolve all disputes among them in the Litigation, and to avoid further costs and expenses and the uncertainty of litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals and mutual covenants and undertakings contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.     **Settlement Payment**: Defendants shall pay or cause to be paid to Plaintiff's counsel, subject to the terms and conditions of this Agreement, the total sum of Fifty Thousand Dollars and Zero Cents ($50,000.00) (the "Settlement Amount"), inclusive of Attorneys' Fees, as follows:

(a)     Installment 1: One check, payable within 30 days of Court approval of this Agreement, in the amount of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) made payable to "CSM Legal, P.C."

1

(b)      Installments 2: One check, payable and received within 30 days of the date the payment in paragraph 1(a) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(c)      Installment 3: One check, payable and received within 30 days of the date the payment in paragraph 1(b) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(d)      Installment 4: One check, payable and received within 30 days of the date the payment in paragraph 1(c) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(e)      Installment 5: One check, payable and received within 30 days of the date the payment in paragraph 1(d) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(f)      Installment 6: One check, payable and received within 30 days of the date the payment in paragraph 1(e) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(g)      Installment 7: One check, payable and received within 30 days of the date the payment in paragraph 1(f) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(h)      Installment 8: One check, payable and received within 30 days of the date the payment in paragraph 1(g) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(i)      Installment 9: One check, payable and received within 30 days of the date the payment in paragraph 1(h) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(j)      Installment 10: One check, payable and received within 30 days of the date the payment in paragraph 1(i) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(k)      Installment 11: One check, payable and received within 30 days of the date the payment in paragraph 1(j) became due, in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) made payable to "CSM Legal, P.C."

(l)      The Installment Payments in paragraphs 1(a), 1(b), 1(c), 1(d), 1(e), 1(f), 1(g), 1(h), 1(i), 1(j), and 1(k) shall be delivered to Plaintiff's counsel via first-class US mail, CSM Legal, P.C., at 60 East 42nd Street, Suite 4510, New York, NY 10165 and shall be deemed received on the first business day following first-class mailing.

(m)      Subject to the Notice of Default provisions of Paragraph 6 below, failure of Defendants to timely pay all of the Settlement Amount in the manner prescribed in subparagraphs 1(a), 1(b), 1(c), 1(d), 1(e), 1(f), 1(g), 1(h), 1(i), 1(j), and 1(k) shall render all Defendants in default

with respect to this Agreement. Similarly, and subject to the Notice of Default provisions of Paragraph 6 below, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or their counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(n)    Concurrently with the execution of this Agreement, the respective Defendants shall execute the Affidavits of Judgment by Confession in the forms attached hereto as **Exhibit A** and deliver to Plaintiff's counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(m) above; and (ii) Defendants fail to cure such default within ten (10) days of the giving of notice, in the manner prescribed in Paragraph 6 below, of such default.

(o)    Taxes: Defendants shall make all payments under this Agreement without deductions or withholdings. Plaintiff shall be responsible for all taxes, interest and penalties due with respect to her receipt of the Settlement Amount and agrees to indemnify, defend and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees, and other costs imposed on the Defendants as a result of her failure to timely pay such taxes.

2.    **Release and Covenant Not To Sue**: Plaintiff and Defendants hereby irrevocably and unconditionally release from, and forever discharge and covenant not to sue each other, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, employees, attorneys, legal representatives and managers, with respect to any and all wage and hour allegations and/or claims which putatively arose during the time frame that was the subject of the Litigation, including but not limited to any allegations and/or claims arising under the Fair Labor Standards Act, the New York Labor Law, the New York City Administrative Code and/or any other New York State and/or federal statute, regulation, or ordinance governing or otherwise addressing wage and hour issues. Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). The parties hold each other harmless from any and all known claims, and liabilities of any kind that they have, had or claimed to have against each other relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the last day of signature of the Agreement.

3.    **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.    **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by authorized representatives of all of the Parties.

5.    **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.    **Default**: In the event of Default, as defined in Paragraph 1(m) above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, by filing the Affidavits of Judgment by Confession referenced in Paragraph 1(n) above, provided that no such court intervention shall be sought until ten business days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7.    **Notices**: Notices required under this Agreement, included but not limited to the Notice required by Paragraph 6, shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof.  Notice hereunder shall be delivered:

**To Plaintiff:**

Jarret Bodo, Esq.
CSM Legal, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Email: Jarret@csm-legal.com

**To Defendants:**

Shawn A. Turck, Esq.
Turck Law, P.C.
225 Broadway, Suite 1901
New York, NY 10007
Email: shawn@turcklaw.com

8.    **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Eastern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as a dismissal of the Litigation with prejudice subject to an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9.    **Enforceability**: If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of

claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.    **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with her legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that she had the opportunity to consult with CSM Legal, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

11.    **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF**

_____     Date: _____
HILDA MUNOZ

**INDIVIDUAL DEFENDANTS**

_____     Date: 7/11/2022
AM LE CHANG

**CORPORATE DEFENDANT**

**KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG INC.)**

_____     Date: 7/11/2022
(signature)

Name (Print): AN LE CHANG     Title: PRESIDENT

claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

      10.    **Release Notification:** Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with her legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that she had the opportunity to consult with CSM Legal, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily.

      11.    **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF**

_Hilda Munoz_                     Date: __6/7/22__

HILDA MUNOZ

**INDIVIDUAL DEFENDANTS**

_____         Date: _____

AM LE CHANG

**CORPORATE DEFENDANT**

**KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG INC.)**

_____         Date: _____
  (signature)

Name (Print): _____       Title:_____

5

STATE OF NEW YORK )

ss.:

COUNTY OF _Kings_ )

On the _11th_ day of _July_ , 2022, before me, the undersigned, a Notary Public in and for the _NY_ State personally appeared _Am Le Chang_ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that (s)he executed same in his or her capacity and by that his or her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

_____
Notary Public

YONG XING ZHAO
Notary Public, State of New York
No. 01ZH5080288
Qualified in New York County
Commission Expires Jun. 16, 20_23_

6

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HILDA MUNOZ, *individually and on behalf of*
*others similarly situated*,

    *Plaintiff*,

-against-

KAM FUNG WONG, INC. (D/B/A KAM FUNG
WONG INC.), AM LE CHANG, and MICHELLE
DOE,

    *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF**
**JUDGMENT BY CONFESSION**

STATE OF   New York   )
                      ss.:
COUNTY OF   Kings   )

AM LE CHANG, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Eastern District of New York.

2. I hereby confess judgment in this court in favor of Plaintiff HILDA MUNOZ ("Plaintiff") for the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or her successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $50,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in eleven installments;

    d. In the event that Defendants fail to pay the settlement amount as specified in the Settlement Agreement when due and owing, following notice and opportunity to

8

cure as set forth in Paragraphs 6 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any amounts already paid.

4. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 7/11/2022

By: _____

AM LE CHANG

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HILDA MUNOZ, *individually and on behalf of
others similarly situated,*

    *Plaintiff,*

    -against-

KAM FUNG WONG, INC. (D/B/A KAM FUNG
WONG INC.), AM LE CHANG, and MICHELLE
DOE,

    *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF ___New York___ )
                        ss.:
COUNTY OF ___Kings___ )

___Am Le Chang___, being duly sworn, deposes and says:

1. I am the ___President___ at KAM FUNG WONG, INC. (D/B/A KAM FUNG WONG INC.) ("the Corporation"), a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Eastern District of New York.

2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff HILDA MUNOZ ("Plaintiff") for the sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and, on behalf of the Corporation, I hereby authorize said Plaintiff or her successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against the Corporation.

3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Eastern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

    b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;

    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, the Corporation, agreed to, jointly and severally, pay the sum of $50,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1

of the Settlement Agreement entered into between the parties, in eleven installments;

d. In the event that Defendants fail to pay the settlement amount as specified in the Settlement Agreement when due and owing, following notice and opportunity to cure as set forth in Paragraph 6 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount Fifty Thousand Dollars and Zero Cents ($50,000.00), less any amounts already paid.

4. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 7/11/2022

_____
(signature)

Name: AM LE CHANG          Title: PRESIDENT

STATE OF New York          )
                                   ) ss.:
COUNTY OF Kings            )

On the 11th day of July , 2022, before me, the undersigned, a Notary Public in and for the State of New York , personally appeared Am Le Chang , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_____
Notary Public

YONG XING ZHAO
Notary Public, State of New York
No. 01ZH5080288
Qualified in New York County
Commission Expires Jun. 16, 2023

11